IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Case No. 19-cv-01711 |
| v. ) ) | Honorable Thomas M. Durkin |
| RIVER NORTH EQUITY LLC, ) EDWARD M. LICEAGA, ) MICHAEL A. CHAVEZ, ) NANOTECH ENTERTAINMENT, INC., ) NANOTECH GAMING, INC., ) DAVID R. FOLEY, LISA L. FOLEY, ) JEFFREY A. FOLEY, and ) BENNIE L. BLANKENSHIP, ) ) | |
| Defendants. ) | |

---

**DEFENDANTS RIVER NORTH EQUITY LLC AND EDWARD M. LICEAGA'S REPLY IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT**

Defendants River North Equity LLC ("**River North**") and Edward M. Liceaga ("**Mr. Liceaga**"), by and through their undersigned counsel, hereby file this reply in support of their motion to partially dismiss Plaintiff Securities and Exchange Commission's ("**Plaintiff**," "**SEC**," or the "**Commission**") Complaint (Docket Entry ("D.E.") 1), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "**Rule(s)**"), on the ground that Count VII (against River North), Count VIII (against Mr. Liceaga), and Count IX (against Mr. Liceaga) of the Complaint fail to state a claim against either River North or Mr. Liceaga upon which relief may be granted. In furtherance of the same, River North and Mr. Liceaga respectfully state as follows:

I.     **INTRODUCTION AND BACKGROUND**

Plaintiff's Complaint alleged that Defendants David R. Foley ("**Defendant Foley**") and Bennie L. Blankenship ("**Defendant Blankenship**") orchestrated an illegal market manipulation scheme so that Defenant Foley could sell shares of Nanotech Entertainment, Inc. ("**NTEK**") and Nanotech Gaming, Inc. ("**NTGL**") to River North, and further charged River North with purportedly acting as an unregistered securities dealer in violation of the federal securities laws for purchasing and selling the NTEK and NTGL shares at issue in this matter, and has charged Mr. Liceaga with purportedly (1) aiding and abetting River North's purportedly violative conduct and (2) acting as a control person over River North in connection with its purportedly violative conduct.

On approximately May 10, 2019, River North and Mr. Liceaga filed their Motion for Partial Dismissal of Plaintiff's Complaint ("**Motion to Dismiss**") (D.E. 36) and Memorandum in Support of Motion for Partial Dismissal of Plaintiff's Complaint ("**Dismissal Memorandum**") (D.E. 37).  River North and Mr. Liceaga's Dismissal Memorandum detailed the fatal flaws in Count VII (against River North), Count VIII (against Mr. Liceaga), and Count IX (against Mr. Liceaga) of the Complaint due to the standards set forth in prior SEC pronouncements and case law regarding the distinction between a "trader," who is <u>not</u> required to be licensed with the Commission, and a "dealer," who <u>is</u> subject to Commission registration.

On approximately July 12, 2019, Plaintiff filed SEC's Corrected Combined Response to Motions to Dismiss Filed by Defendants River North, [Mr.] Liceaga, and [Defendant Michael A.] Chavez ("**Plaintiff's Response**") (D.E. 52).  As expected, Plaintiff's Response completely dismisses the patently deficient nature of Counts VII, VIII, and IX of the Complaint, and instead primarily (1) insists that its allegations in the Complaint were sufficiently pled to avoid dismissal of Counts VII, VIII, and IX, while simultaneously exaggerating the factual allegations in the

2

Complaint in a transparent attempt to remedy its deficiencies, and (2) provides legal authorities that are either inapplicable to the issues raised in River North's and Mr. Liceaga's Dismissal Memorandum or actually support River North's and Mr. Liceaga's legal position upon careful consideration. As detailed in River North's and Mr. Liceaga's Dismissal Memorandum and more fully herein, Counts VII, VIII, and IX of the Commission's Complaint fail to state a cause of action against either River North or Mr. Liceaga upon which relief may be granted and should be dismissed.

## II.  ARGUMENT

### A. PLAINTIFF HAS IMPROPERLY ATTEMPTED TO REHABILITATE ITS DEFICIENT COMPLAINT BY MISCHARACTERIZING ALLEGATIONS AND THE STANDARD FOR DEALER REGISTRATION

In a transparent acknowledgment of its Complaint's pleading deficiencies, Plaintiff has mischaracterized its allegations, as well as the standard for dealer registration. For example, Plaintiff's Response has introduced factual allegations against River North and Mr. Liceaga that it contends support its position that River North acted as a dealer, as opposed to a trader, that it did not introduce in its Complaint. One such allegation is that River North "extended credit to the Foleys in connection with the securities transactions." *See* Plaintiff's Response at 14. Plaintiff then cites Paragraph 70 of its Complaint in an attempt to deceive this Court into treating that allegation as though it originated in the Complaint. However, Paragraph 70 of the Complaint alleges that River North sometimes paid a portion of the purchase price of the NTEK and NTGL shares before River North received the shares. Paying the agreed purchase price for share purchases to Lisa Foley in two parts (i.e., one portion upon the parties' signing of the relevant Securities Purchase Agreement, and the other portion at the time the transaction closed) on occasion does not amount to "extending credit to the Foleys," and Plaintiff has provided no

3

legal authority to support that notion. Plaintiff is simply attempting to characterize River North's conduct as "extending credit" because "extending credit" is designated as being indicative of dealer activity in numerous SEC pronouncements. Plaintiff's gamesmanship will not enable it to avoid dismissal of its deficient claims in this matter, however.

Plaintiff's Response is replete with references to the volume and frequency of River North's trading activities in order to show what Plaintiff has characterized as "regularity of participation in securities transactions." *See* Plaintiff's Response at 4, 5, 11-13. As River North and Mr. Liceaga demonstrated in their Dismissal Memorandum, however, Plaintiff must adequately plead much more than mere volume and frequency to avoid dismissal of its Section 15(a) claim against River North. In this matter, the Commission has not alleged that River North engaged in any of the conduct set forth in the Commission's own long-standing guidance regarding activity that mandates registration as a securities dealer. *See* Dismissal Memorandum at 5-10. Indeed, nothing in the Complaint's allegations suggests that River North was anything other than simply a self-interested market participant whose sole purpose was to buy shares that originated from convertible debt instruments and then liquidate those shares into the market through River North's brokerage account(s) for the purpose of making a profit for its benefit while managing its capital at risk. That does not trigger any of the factors set forth by the SEC through No-Action Letters or the guidance provided on its public website. The SEC has simply alleged, in conclusory fashion, that River North regularly engaged in buying and selling securities for its own account as "part of its regular business," without explaining how River North's business is part of a "regular business" for purposes of Section 3(a)(5), which defines "dealer" as well as exceptions to such definition. Such distinction is significant, as the phrase "regular business" is a term of art within the Commission's pronouncements and No-Action

4

Letters. Such deficiency renders the Commission's allegation regarding "regular business" nothing more than a conclusory allegation, which fails to meet the standard required pursuant to Rule 12(b)(6) and renders Count VII of the Complaint appropriate for dismissal.

> **B. THE CASE LAW PLAINTIFF'S RESPONSE RELIES UPON IS EITHER INAPPLICABLE TO THIS MATTER OR SUPPORTS RIVER NORTH AND MR. LICEAGA'S DISMISSAL REQUESTS**

In an attempt to shield its Complaint from partial dismissal, Plaintiff's Response include several citations to case law. Unfortunately for Plaintiff, the case law on which it has relied is either completely inapplicable to the issues herein or provides further support for dismissal as requested by River North and Mr. Liceaga. Plaintiff's Response concedes that "[c]ourts and the [Commission] use conduct-based factors to determine when a person or entity is 'engaged in the securities' business and 'buying for its own account,'" and that it relied upon *Gordon Wesley Sodorff, Jr.*, (Admin. File Proc. No. 3-7390), 1992 SEC LEXIS 2190 (Sept. 2, 1990) to support such contention. *See* Plaintiff's Response at 4. *Sodorff* only undermines Plaintiff's position in this matter, though, because the Commission drew a distinct line between dealers and traders by noting that, "Sodorff solicited investors and handled their money and securities, rendered investment advice, and sent subscription agreements to investors for their review and signature, all of which are characteristics of dealer activity." *See Sodorff* at \*5. Since Plaintiff's Complaint has not alleged any such activity by River North, *Sodorff* provides no assistance to Plaintiff in its attempt to salvage its "unlicensed dealer" cause of action against River North. Even a cursory reading of *Sodorff* undermines the contention that *Sodorff* supports the notion that simply buying and selling securities in more than a few isolated transactions renders one a securities dealer. Indeed, as the Commission held in the *Sodorff case*, the definition of a "dealer" excludes

5

"members of the public who buy and sell securities for their own account as ordinary traders, even though their trading may involve more than isolated transactions."

In *SEC v. Ofill*, 2012 WL 246061 (N.D. Tex. Jan. 26, 2012), the undisputed evidence showed that the defendant, Timothy T. Page, received shares of companies as compensation for assisting in taking them public, purchased additional shares directly from the companies, asked a third party to perform legal work necessary to take the companies public, and hired co-defendants to conduct market awareness campaigns for the companies. The Commission's reliance on *SEC v. Big Apple Consulting USA, Inc.*, 783 F.3d 786 (11th Cir. 2015) is equally misguided. In *Big Apple*, the defendant and a subsidiary entered into consulting agreements with clients who were publicly-traded companies. Those companies would issue Big Apple stock at a significant discount for conducting promotional activities on the companies' behalves. *Big Apple*, 783 F.3d at 792. Plaintiff's Complaint has obviously not alleged that River North performed promotional activities – or any other activities, for that matter – on any issuer's behalf, so neither the *Ofill* nor *Big Apple* cases strengthen Plaintiff's position.

*Eastside Church of Christ v. National Plan, Inc.*, 391 F.2d 357 (5th Cir. 1968) is a fifty year old case that was published well before most of the Commission's own guidance (in the form of No-Action Letters, speeches, and other interpretive guidance) that River North and Mr. Liceaga's Dismissal Memorandum cited. Moreover, the Fifth Circuit found that the defendant was a securities dealer as a result of the following evidence:

> [T]he principal business of [defendant] was to 'put on bond issues to build churches.' . . . [Defendant] went to churches where they had been requested to put on bond programs, assisted the church in doing all of the legal work concerning the bond program, took care of the necessary printing, handled all of the paper work in connection with the bond issue, acted as fiscal agent and trustee of the property, and directed the bonds sales program.

6

*Eastside Church* 391 F.2 at 361. There are obviously no analogous allegations in Plaintiff's Complaint regarding River North.

Some of the case law in Plaintiff's Response simply does not stand for the notion for which Plaintiff cites the cases. For example, Plaintiff cites *SEC v. Kenton Capital, Ltd.*, 69 F.Supp.2d 1 (D.D.C. 1998), in the section of Plaintiff's Response entitled "What is a Dealer[.]" *See* Plaintiff's Response at 4. *Kenton Capital*, however, did not address the standard for acting as a securities dealer in any manner. Accordingly, Plaintiff's reliance on that case in support of its allegation that River North acted as an unlicensed securities dealer is disingenuous.

Plaintiff urges this Court to deny River North's and Mr. Liceaga's Motion to Dismiss based upon Plaintiff's assertion that "[t]he complaint alleges abundant facts that give defendants 'fair notice' of [Plaintiff's] claims and allow the Court 'to draw the reasonable inference that [each] defendant is liable for the misconduct alleged.'" *See* Plaintiff's Response at 12. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to survive Rule 12(b)(6) motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 678 (2007)); *Shield Tech. Corp. v. Paradigm Positioning, LLC*, 908 F. Supp. 2d 915, 917 (N.D. Ill. 2002). As demonstrated herein, Plaintiff's "threadbare recitals" against River North and Mr. Liceaga in its Complaint, without more, fail to permit this Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. 662 at 679. Accordingly, in spite of Plaintiff's purported "abundant facts" in its Complaint, its allegations are insufficient to avoid dismissal of Count VII.

### C. THE COMMISSION HAS NOT ADEQUATELY ALLEGED AIDING AND ABETTING LIABILITY OR CONTROL PERSON LIABILITY AGAINST MR. LICEAGA

As noted in River North's and Mr. Liceaga's Motion to Dismiss and Dismissal Memorandum, Plaintiff has failed to allege a cause of action for River North's purported

violation of Section 15(a), and has not alleged that Mr. Liceaga had a general awareness that his actions were part of a course of conduct that required registration. *See* Dismissal Memorandum at 11-12. Plaintiff's Response simply insists that it has met the pleading standard in relation to aiding and abetting liability and control person liability, while providing no case law to support its notion. *See* Plaintiff's Response at 23. To the contrary, the Commission's publicly-available guidance on the issue, as well as the related case law, clearly points to the notion that River North was acting as a "trader" rather than a "dealer." Based upon these pleading deficiencies, Counts VIII and IX of the Commission's Complaint against Mr. Liceaga are fatally deficient and should be dismissed.

### D. THE COMMISSION HAS FAILED TO DEFEAT RIVER NORTH'S AND MR. LICEAGA'S DUE PROCESS CHALLENGE

As noted in River North's and Mr. Liceaga's Dismissal Memorandum, due process forbids Plaintiff from proceeding in this manner because the Commission's (and its Staff's) prior guidance did not provide (1) River North reasonable notice that the Commission would consider River North's alleged activity in connection with this matter to require registration as a securities dealer, or (2) Mr. Liceaga with notice that his operation of River North's alleged activity would subject him to potential aiding and abetting liability or control person liability for River North's failure to register as a securities dealer. *See* Dismissal Memorandum at 12-14. River North and Mr. Liceaga relied upon *Upton v. SEC*, 75 F.3d 92 (2d Cir. 1996), in support of such notion, and noted the Second Circuit's holding that the Commission may not sanction a defendant "if doing so would penalize an individual who has not received fair notice of a regulatory violation." *Upton v. SEC*, 75 F.3d at 98. Plaintiff has, of course, taken the position that River North's and Mr. Liceaga's reliance on *Upton* is misplaced, because that matter addressed post-evidentiary hearing dealing with an SEC Rule (wherein this matter is at the pleading stage and deals with a

8

federal statute), and the issues in River North and Mr. Liceaga's Motion to Dismiss have been adequately addressed by courts. *See* Plaintiff's Response at 23-25. Simply put, Plaintiff's position is meritless. Defendants are entitled to due process protection regardless of the stage of the proceeding. If Plaintiff's position were to be accepted by this Court, then all defendants would have to endure the time, inconvenience, distress, and reputational damage of a complete SEC enforcement proceeding before being able to raise a due process challenge. Such a standard would seriously undermine the very purpose of due process protections. Moreover, whether this matter surrounds an SEC Rule or a federal statute has no relevance to whether Plaintiff has received fair notice of a regulatory violation. Finally, the case law that Plaintiff insists provides such clear guidance is discussed herein. Such case law falls drastically short of providing adequate notice to defendants like River North and Mr. Liceaga that they might be sued by the federal government for doing nothing more than acting as a self-interested market participant whose sole purpose was to buy shares that originated from convertible debt instruments and then liquidate the shares into the market through River North's brokerage account(s) while managing its capital at risk (and losing capital many times due to price depreciations in the underlying shares). Plaintiff is free to engage in its rule making function or issue interpretative guidance so the investing public is aware of the standard Plaintiff seeks to impose in this matter. Such activity would likely constitute reasonable notice for due process purposes. Absent that activity, though, due process forbids Plaintiff from proceeding with Counts VII, VIII, and IX in this matter.

### III. CONCLUSION

In light of the points presented in River North and Mr. Liceaga's Dismissal Memorandum and herein, River North and Mr. Liceaga respectfully request that this Court dismiss Counts VII, VIII, and IX of Plaintiff's Complaint.

Dated: August 7, 2019

Respectfully submitted,

/s/ Mark David Hunter
Mark David Hunter, Esquire
N.D.I.L Bar I.D. No. 12995
**Hunter Taubman Fischer & Li LLC**
2 Alhambra Plaza, Suite 650
Coral Gables, Florida 33134
Tel: (305) 629-1180
Fax: (305) 629-8099
Email: mhunter@htflawyers.com

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that the aforementioned document was filed through the Court's CM/ECF system on August 7, 2019. Parties of record may obtain a copy through the Court's CM/ECF system. The undersigned certifies that no party of record requires service of documents through any means other than the CM/ECF system.

                                                    /s/ Mark David Hunter_____
                                                    Mark David Hunter