UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>    v.<br><br>RIVER NORTH EQUITY, LLC, et al.,<br><br>                Defendants. | Case No. 19 C 1711<br><br>Judge Sunil R. Harjani |

## ORDER

Defendants David R. Foley and Lisa L. Foley's Motion to Stay Civil Proceedings Pending Resolution of Parallel Criminal Case [147] is denied.

## STATEMENT

Plaintiff Securities and Exchange Commission ("SEC") brought this civil action against nine defendants in March 2019. The SEC's Complaint alleges violations of both the Securities Act of 1933 ("Securities Act"), and the Securities Exchange Act of 1934 ("Exchange Act"), in connection with a complex stock distribution and market manipulation scheme. Doc. 1 ¶¶ 1-15. Specifically, the Complaint alleges that between February 2014 and October 2016, Defendants David and Lisa Foley caused 1.1 billion shares of NanoTech Entertainment, Inc. ("NTEK") stock, and 19.1 million shares of NanoTech Gaming, Inc. ("NTGL") stock, to be issued and sold to Defendants Liceaga and River North Equity, in a series of unregistered transactions. River North and Liceaga then allegedly re-sold all of the Foleys' newly-issued stock to the public, with the assistance of Defendant Michael A. Chavez. David Foley and Defendant Bennie Blankenship also allegedly engaged in a market manipulation scheme to increase both the price of, and demand for, NTEK and NTGL securities, while David Foley caused NTEK to file false and misleading public disclosures. *Id*.[1]

On January 11, 2021, a 10-count indictment was filed against David Foley and Blankenship charging them with wire fraud and securities fraud. Doc. 105-1. Shortly thereafter, on May 11, 2021, this case was stayed to permit the resolution of the related case, *United States v. David Foley and Bennie Blankenship*, 21 CR 19. Docs. 114, 116. The factual allegations in the indictment are similar to the allegations of the SEC's Complaint, but David Foley and Blankenship were indicted on a subset of the violations and events alleged in the SEC's Complaint. In particular, the

---

[1] The Court issued final consent judgments against the two corporate Defendants, NTEK and NTGL (Docs. 76, 77), and partial consent judgments against Defendants Jeffrey Foley and Bennie Blankenship (Docs 30, 31).

indictment only charged conduct related to shares of NTGL, but not conduct related to shares of NTEK, which is alleged in the SEC's Complaint.

On November 4, 2024, a jury convicted David Foley on two counts of securities fraud and acquitted him on eight wire fraud counts. In the criminal case, David Foley currently has three motions pending (one pretrial and two post-trial) challenging the securities fraud counts. David Foley's sentencing hearing is scheduled for May 28, 2025.

In light of the conclusion of the criminal trial, on December 16, 2024, this Court lifted the stay and referred discovery supervision to the Magistrate Judge. Doc. 132. Fact discovery is nearly complete and set to close on June 30, 2025. Doc. 152. During discovery, David Foley, Lisa Foley, and Blankenship declined to provide deposition testimony by asserting their Fifth Amendment privileges in writing. The SEC took Chavez's deposition on December 15, 2020. Liceaga's and River North's depositions remain to be taken. Expert discovery has not begun and a schedule will be set at a later date.

The Foleys now move for an additional stay of this civil litigation pending final resolution of the related criminal proceeding. Defendants Liceaga and River North join the Foleys' motion. Doc. 149. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Tex. Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In this district, courts "begin with a non-exhaustive six-part test to determine whether a stay should be granted: (1) whether the civil and criminal proceedings involve the same subject matter; (2) whether the government has initiated both proceedings; (3) the posture of the criminal proceeding; (4) the effect on the public interest of granting or denying a stay; (5) the interest of Plaintiff in proceeding expeditiously; and the potential prejudice that Plaintiff may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on Defendants if a stay is denied." *CTFC v. Nowak*, 2020 WL 3050225, at *3 (N.D. Ill. June 8, 2020). "[T]he granting of a stay is the exception, not the rule, and the party seeking the stay has the burden of demonstrating it is necessary." *RLJCS Enters., Inc., v. Pro. Benefit Tr., Inc.*, 2004 WL 2033067, at *2 (N.D. Ill. Sept. 2, 2004); *Clinton*, 520 U.S. at 708. The Court examines each factor in turn.

*First*, the civil case is broader in scope than the criminal proceeding, but there is some overlap between the civil and criminal cases. *See* Doc. 150 at 3, 6-7. Therefore, this factor weighs slightly in favor of a stay. *Nowak*, 2020 WL 3050225, at *3 (concluding that a stay of depositions in spoofing case was warranted where "there [was] substantial overlap between the civil and criminal proceedings").

*Second*, the government has brought both actions, albeit by different agencies. It is true that if the government is a party to both actions, "there is a danger that the government may use civil discovery to obtain evidence and information for use in its criminal prosecution, and by doing so, circumvent the Fifth Amendment rights against self-incrimination." *Cruz v. Cty. of DuPage*, 1997 WL 370194, at *3 (N.D. Ill. June 27, 1997). But here, this is not a situation where the

criminal prosecutors are attempting "to use liberal civil discovery to augment [the] criminal case." *Nowak*, 2020 WL 3050225, at *3 (internal quotes and citation omitted). The evidentiary record in the criminal case is closed and fact discovery in the SEC case is nearly complete. Defendants do not argue that the SEC's civil action is being prosecuted to circumvent the Fifth Amendment privilege of any Defendant. Moreover, allowing discovery to proceed has no bearing on the Foleys' Fifth Amendment privileges. David Foley asserted his Fifth Amendment privilege during the SEC's investigation, and he and Lisa Foley did so again during discovery in this civil case. They have not provided the SEC with any investigative or deposition testimony. In December 2020, David and Lisa Foley stated their intent to assert their Fifth Amendment privilege "in response to any and all of the questions" that the SEC might put to them, during a deposition and all other testimonial proceedings in this case, even if doing so would preclude them from testifying at trial. *See* Doc. 150-1 at ¶¶ 5-6, 15; Doc. 150-2 at ¶¶ 5-6, 14. The Foley do not indicate that they have changed their position on asserting their Fifth Amendment privileges. In addition, both Chavez and Liceaga already have provided sworn testimony and discovery responses in this case. Although Chavez did not testify (or assert his Fifth Amendment privilege) at any point during the SEC's investigation, he has provided deposition testimony in this matter, has responded to interrogatories and requests for admission, and has answered the Complaint, all without asserting the Fifth Amendment. Similarly, Liceaga testified during the SEC's investigation, without asserting a Fifth Amendment privilege. Although Liceaga has not yet been deposed in this civil case, he has answered the Complaint and responded to the SEC's interrogatories and requests for admission without asserting the Fifth Amendment. For these reasons, the Court finds consideration of Defendants' Fifth Amendment rights does not weigh in favor of granting the requested stay.

*Third*, "[t]he strongest argument for granting a stay is where a party is under criminal indictment." *Nowak*, 2020 WL 305022, at *3 (internal quotes and citation omitted). However, an unindicted defendant presents a much weaker case for a stay. *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 79 (1st Cir. 2004) ("While pre-indictment stays of parallel civil proceedings occasionally have been granted, [] an unindicted defendant who argues that going forward with a civil proceeding will jeopardize his Fifth Amendment rights usually presents a much less robust case for such extraordinary relief."); *Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) (The case for staying civil proceedings is "a far weaker one" when "[n]o indictment has been returned [, and] no Fifth Amendment privilege is threatened.") (internal quotes and citation omitted). Here, the third factor weighs against a stay. Given the status of the related criminal case, the Foleys' argument for a stay is much weaker today than it was four years ago, when David Foley and Blankenship had just been charged and Liceaga and Chavez were first identified as targets. Now, David Foley has been convicted and Blankenship has pleaded guilty. No one else has been indicted. All that remains of David Foley's criminal proceedings is his May 28, 2025 sentencing hearing and Judge Seeger's rulings on a few, fully-briefed motions. Further, it has been four years since Foley's and Blankenship's indictment, and Chavez and Liceaga have not been charged. The Foleys further state that during pretrial discussions, Mr. Foley's criminal defense attorney spoke with the AUSA and "was made to understand that Mrs. Foley could still be a formal target depending on the defense presented by Mr. Foley." Doc. 146 at 3. The fact that Chavez and Liceaga were identified as "targets" in 2021 or Lisa Foley was told pretrial that she could still be a formal target depending on her husband's trial defense does not provide a sufficiently compelling basis to grant the requested stay in the

3

absence of an imminent indictment. At this point, in light of the nearly-complete status of the criminal case and the remote possibility of indictments against Liceaga, Chave, and Lisa Foley, the third factor weighs against granting a stay. If Chavez, Liceaga and Lisa Foley learn of an impending indictment, they may file a renewed motion for stay at that time.

*Fourth*, "[t]he public has an interest in the prompt disposition of civil litigation." *Chagolla v. City of Chi.*, 529 F. Supp. 2d 941, 946 (N.D. Ill. 2008); *SEC v. CKB168 Holdings*, 2016 WL 11472222, at *4 (E.D. N.Y. Jan. 6, 2016) ("there is a significant public interest in the prompt resolution of securities cases."). "On the other hand, the public has an interest in ensuring that the criminal process can proceed untainted by civil litigation." *Chagolla*, 529 F.Supp.2d at 947. Here, there is no contention that this civil litigation will negatively impact the resolution of the pending motions in the criminal case.

*Fifth*, the SEC has a strong interest in proceeding expeditiously with the resolution of this case. *CKB168 Holdings*, 2016 WL 11472222, at *4 ("The SEC has a strong interest in the prompt resolution of this action so that it may civilly enforce the securities laws and preserve assets for victims."). The SEC initiated this lawsuit on March 11, 2019, and the case has already been stayed for more than three and half years. Fact discovery is nearly complete and expert discovery has not begun. Further delay of this case will hamper the SEC's efforts to timely enforce the securities laws, could limit its ability to present investor testimony, and may reduce the likelihood of recovering any funds for distribution to investor victims. *SEC v. Brown*, 2007 WL 4192000, at *2 (D. Minn. July 16, 2007) (with a stay, "witnesses [may] become unavailable, memories of conversations and dates [may] fade, [] documents [could] be lost or destroyed" and "[r]emedial measures and restitution—i.e. return of investment funds—would be frustrated."); *see also US SEC v. Woodard,* 2014 WL 61398, at *2 (E.D. Va. Jan. 6, 2014). Moreover, this case will require resolution whatever the outcome of the criminal case. Given the different burdens of proof and the fact that the civil case is broader in scope than the criminal proceeding, even a complete acquittal in the criminal case would not resolve this civil case. The SEC's interest in a prompt resolution of this civil matter weighs against a further stay.

*Sixth*, the Foleys are proceeding *pro se* in this case. As to burden, they argue generally that if a stay is denied, they would be forced "to litigate two complex cases simultaneously," which "places a severe strain on the Defendants' resources and ability to mount a full defense in either case." Doc. 146 at 14. In their reply, the Foleys explain that "prepar[ing] for motions and hearings in the parallel criminal case and at the same time attempt[ing] to conduct discovery and participat[ing] in Plaintiff's depositions is an unfair financial hardship on Defendants as it would prevent them from having any time to actually earn an income while dealing with parallel cases at the same time." Doc. 153 at 4. The SEC points out that the Foley have not taken any depositions in this matter and they did not participate in the Chavez deposition in 2020. Moreover, the SEC states that it does not intend to serve additional written discovery on them, or request their depositions, before the close of fact discovery. While the Court appreciates the short-term inconvenience and burden on the Foleys in having to simultaneously focus on two cases while trying to earn income, the Magistrate Judge, who is supervising discovery, recently extended the fact discovery deadline 60 days to June 30, 2025. Doc. 152. This extension allows the Foleys to both focus on the upcoming criminal sentencing hearing and participate in the remaining fact discovery before the close of fact discovery. If the Foleys need a further short extension of time

to balance the burdens of the two cases over the next three weeks, they can file a motion setting forth a specific request and the reasons for needing additional time with the Magistrate Judge. Moreover, if Judge Seeger grants David Foley's motion for a new trial, the Foleys may, at that time, file a renewed motion for a stay that addresses the relevant factors in the context of a new criminal trial. For these reasons, the Court does not find Defendants' burden argument persuasive, and the sixth factor weighs against a stay.

After weighing all of the relevant factors in this district's six-part test, the Court concludes that an additional stay of this case pending David Foley's sentencing hearing on May 28, 2025 is not warranted. The case was stayed for three and a half years while the criminal case played out. No further stay is warranted. Accordingly, in its discretion, the Court denies Defendants' motion to stay [147].

Dated: May 8, 2025

_____
Sunil R. Harjani
United States District Judge