UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-cv-1711 |
| v. | ) ) | District Judge Sunil R. Harjani |
| RIVER NORTH EQUITY, LLC, et. al., | ) ) | Magistrate Judge Keri L. Holleb Hotaling |
| Defendants. | ) ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE DEADLINES AND STRIKE STATUS HEARING

Plaintiff Securities and Exchange Commission ("SEC") opposes Defendants David Foley's and Lisa Foley's motion to stay all case deadlines in this matter. [Docket No. 198] Discovery in this case was stayed for 3 ½ years pending the trial of a parallel criminal case, *United States v. Foley*, Case No. 21 CR 19 (N.D. Ill.). Nearly a year after that stay was lifted, with fact discovery concluded, the Foleys have moved for another stay. However, none of the Court's orders regarding the upcoming settlement conference require a delay of expert discovery. And the lack of a final judgment in David Foley's criminal case is not a sufficient reason to reconsider the Court's denial of the Foleys' motion for a stay earlier this year.

## Procedural History

The SEC filed this civil case six years ago. [Docket No. 1] The Complaint alleged violations of the Securities Act of 1933 ("Securities Act"), and the Securities Exchange Act of 1934 ("Exchange Act"). [*Id.* at ¶¶ 1-15] Between February 2014 and October 2016, David Foley, Lisa Foley and Jeffrey Foley caused 1.1 billion shares of NanoTech Entertainment, Inc. ("NTEK") stock, and 19.1 million shares of NanoTech Gaming, Inc. ("NTGL") stock, to be

issued and sold to the public. River North Equity, LLC and Edward Liceaga purchased all of those newly-issued shares from the Foleys and resold them to the public, with the assistance of Michael Chavez. Simultaneously, David Foley and Bennie Blankenship engaged in a market manipulation intended to increase the price of NTEK and NTGL securities, while David Foley caused NTEK to file false and misleading public disclosures.[1] [*Id.*]

On January 11, 2021, a 10-count criminal indictment was filed against David Foley and Blankenship, charging them with wire fraud and securities fraud. [*See* Docket No. 105-1] The indictment is similar to some of the allegations of the SEC's Complaint. However, the indictment described only a subset of the conduct alleged by the SEC: *i.e.,* David Foley's and Blankenship's conduct with respect to the shares of NTGL, but not the shares of NTEK.

On March 11, 2021, the SEC's civil case was stayed pending the trial of the parallel criminal case. [Docket Nos. 114, 116] Three and one-half years later, on November 4, 2024, a jury convicted David Foley on two securities fraud counts and acquitted him of wire fraud. David Foley has several motions pending (one pretrial and two post-trial) challenging the securities fraud charges and/or convictions. His sentencing hearing has been delayed several times.

On December 16, 2024, this Court lifted the stay of discovery. [Docket No. 132] On March 28, 2025, the Foleys moved for a stay pending the resolution of the parallel criminal case. [Docket No. 147] However, the Court found that "the inconvenience and burden" of "having to simultaneously focus on two cases," was insufficient to justify a stay.[2] [Docket No. 155 at 4-5]

---

[1] In 2019, the Court entered final consent judgments against NTEK and NTGL, and partial consent judgments against Jeffrey Foley and Bennie Blankenship [Docket Nos. 30, 31, 76, and 77].

[2] On August 26, 2025, the Court entered final consent judgments against defendants Liceaga and River North Equity which, among other things, held them jointly and severally liable for $2.6 million in

Now, the Foleys' Settlement Assistance Counsel ("SAC") asks the Court for a stay until after the settlement conference, which currently is scheduled for March 19, 2026. [Docket No. 200]

## Argument

### A. The Court's Orders for a Settlement Conference Do Not Require a Stay.

The Foleys contend that a stay of discovery pending the settlement conference is standard practice, and that, without a stay, their SAC cannot fulfill his ethical obligation to assist his clients at the settlement conference. According to their Motion, the SAC "inevitably would have to counsel the Foleys on ongoing matters that directly shape settlement posture" such as "expert reports, depositions and potential testimony," or "prepare or respond to summary judgment filings or issue subpoenas." [Docket No. 196 at 3] This is incorrect.

In *Blair v. Dump*, 2021 WL 4083416, at *1 (N.D. Ill. Feb. 2, 2021), the report and recommendation noted that a prior stay in the case had been lifted, but did *not* suggest that a stay is required before a settlement conference. In addition, none of the Court's orders regarding a settlement conference contemplate a stay of proceedings, or require the Foleys' SAC to advise them regarding "discovery, scheduling and motion practice" or even participate in the upcoming status hearing on December 3, 2025.

To the contrary, this District's Settlement Assistance Program states that an SAC:

> Will confer with the pro se party, evaluate the case and advise the pro se party of the strengths and weaknesses of the case, discuss the damages permitted by law and the consequences of settling, and help determine the settlement value of the case. . . draft a letter that makes a specific settlement demand and sets forth the rationale for the demand . . . [and] assist the party in preparing for the settlement conference, represent the pro se party at the settlement conference, and, if the case is settled, finalize a settlement agreement and corresponding motion to dismiss.

---

disgorgement of ill-gotten gains and prejudgment interest. [*See* Docket No. 173 at Section III; Docket No. 174 at Section III] Liceaga was also ordered to pay a civil penalty of $235,000. [Docket No. 173 at Section III]

https://www.ilnd.uscourts.gov/LandingPage.php?page=sap  An SAC is not permitted "to file or respond to pretrial motions or discovery requests or prepare the case for trial." *Id*. So the assistance the Foleys are requesting clearly goes beyond the scope of the SAC's representation.

### B. The District Court Recently Denied The Foleys' Motion for a Stay.

Earlier this year, the Foleys attempted to delay all proceedings in this case pending the "complete resolution" of David Foley's parallel criminal matter. [Docket No. 146, 147] On May 8, 2025, that motion was denied by Judge Harjani. [Docket No. 155] The Court concluded that, after a significant stay of proceedings and several extensions of time to allow the parties to compete fact discovery, "[n]o further stay is warranted."[3] [*Id*. at 5] The Foley's motion for a stay does not even mention Judge Harjani's prior ruling or analysis, let alone provide any reason to reconsider that order.

### C. The Fact that the Parallel Criminal Case Remains Unresolved Does Not Justify a Stay of Expert Discovery.

Staying a civil case pending the resolution of a criminal proceeding is "an extraordinary remedy." *C.F.T.C. v. Nowak*, 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020). In fact, "the granting of a stay is the exception, not the rule." *RLJCS Enters., Inc. v. Pro. Benefit Tr., Inc.*, 2004 WL 2033067, at *2 (N.D. Ill. Sept. 2, 2004). The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In deciding motions for a stay, courts in this District consider: "(1) whether the civil and criminal cases involve the same subject matter; (2) whether the government has initiated both proceedings; (3) the posture of the criminal proceeding; (4) the effect on the public interest in granting or denying a stay; (5) the interest of Plaintiff in proceeding expeditiously, and the

---

[3] The Foleys are still permitted to request additional time for discovery matters as needed, or to renew their request for a stay if Judge Seeger were to order a new trial. [Docket No. 155 at 4-5]

potential prejudice that Plaintiff may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on Defendants if a stay is denied." *Nowak*, 2020 WL 3050225, at *3. *See also Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008).

Here, just as Judge Harjani previously found in denying the Foleys' motion for a stay in May 2025, the relevant factors weigh heavily against the stay requested by the Foleys.

*First*, there is an overlap between the subject matter of the civil and criminal cases, but the SEC's case is much broader than the criminal proceeding. A stay would prevent the SEC from continuing its case against Lisa Foley, who is not a defendant in the criminal case, or against Chavez, who is not involved in the criminal case or the settlement conference. *Second*, although the federal government brought both the civil and criminal cases, there is no suggestion that the SEC's civil action is an attempt to circumvent David Foley's Fifth Amendment privilege against self-incrimination in the criminal case. *Third*, the criminal case against David Foley is nearly complete.

*Fourth*, the public has an interest in the timely disposition of civil litigation. *See Chagolla*, 529 F. Supp. 2d at 946-47. Requiring the parties to conclude expert discovery or file summary judgment briefs in this matter will not delay the resolution of the criminal case or unreasonably hinder the Foleys' ability to prepare for the settlement conference in this case. *Fifth*, the SEC has a strong interest in resolving its claims against the Foleys and Chavez. *See SEC v. CKB168 Holdings*, 2016 WL 11472222, at *4 (E.D.N.Y. Jan. 6, 2016). Any further delays in this matter will frustrate the SEC's enforcement efforts, limit its ability to present witness testimony, and reduce the likelihood of recovering additional funds for victims. And no outcome in the criminal case, including an order for a new trial, would preclude the need for a resolution of this matter. [*See* Docket No. 150, at 6-13; Docket No. 155, Order at 2-5]

*Sixth*, the fact that the Foleys are *pro se* in this matter does not mean that they cannot participate in expert discovery, just as it did not prevent them from participating in fact discovery. Accordingly, the parties should address an appropriate schedule for expert discovery and dispositive motions at the upcoming status conference.

All of these factors weigh against granting the Foleys' renewed motion for a stay. The Court's recent appointment of an SAC for the Foleys does not change the analysis that Judge Harjani previously employed in denying the Foleys' prior motion for stay. Accordingly, this Court should reject the Foleys' attempt to revisit this already-decided issue in the case.

## Conclusion

Wherefore, Defendants' motion for a stay of proceedings should be denied.

Respectfully submitted,

 /s/Robert Moye
Robert M. Moye (moyer@sec.gov)
Alyssa A. Qualls (quallsa@sec.gov)
Richard G. Stoltz (stoltzr@sec.gov)
Christine S. Bautista (bautistac@sec.gov)
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
(312) 353-7390

*Attorneys for Plaintiff Securities and Exchange Commission*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 2, 2025, I served a copy of the foregoing document on all counsel of record by means of the Court's ECF filing system, and by email delivery upon:

Defendant David R. Foley (david@hyperware.com)

*Pro se*

Defendant Lisa L. Foley (lisalyoung@aol.com)

*Pro se*

Defendant Michael A. Chavez (mchavez@ridgepointcapital.com)

*Pro se*

                                                            *s/Robert M. Moye*
                                                           Robert M. Moye