FILED
09/14/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:19-CV-01711
Judge: Sunil R. Harjani
Magistrate Judge:
Keri L. Holleb Hotaling

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-1711 |
| | ) | |
| v. | ) | District Judge Hon. Andrea R. Wood |
| | ) | |
| RIVER NORTH EQUITY, LLC, et. al., | ) | Magistrate Judge Hon. Keri L. Holleb Hotaling |
| | ) | |
| | ) | |
| Defendants. | ) | |

1:19-CV-01711

**DEFENDANT LISA L. FOLEY'S MOTION TO MODIFY SCHEDULE AND REOPEN LIMITED FACT DISCOVERY**

Defendant Lisa L. Foley, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.1 for an order modifying the scheduling order and reopening fact discovery for a limited period of sixty (60) days. In support of this Motion, Defendant states as follows:

## I. INTRODUCTION

1. Plaintiff Securities and Exchange Commission ("SEC") initiated this civil enforcement action alleging violations of Section 5 registration provisions, Section 17(a) anti-fraud provisions, and Sections 9(a) and 10(b) of the Exchange Act, seeking over $2.3 million in combined monetary remedies directly against Defendant Lisa L. Foley.

2. Fact discovery in this civil enforcement action formally closed on June 30, 2025.

3. Good cause exists under Rule 16(b)(4) to modify the schedule and reopen targeted, limited fact discovery due to significant procedural asymmetry, the failure to stay parallel

civil discovery during active criminal proceedings, uncounseled privilege assertions, and spoliation of Defendant's personal records resulting from severe financial hardship.

## II. LEGAL STANDARD UNDER RULE 16(b)(4)

4. Under Federal Rule of Civil Procedure 16(b)(4), a court scheduling order may be modified "only for good cause and with the judge's consent."

5. To demonstrate "good cause," the moving party must show that despite their diligence, the discovery deadlines could not reasonably have been met. See Alioto v. Town of Lisbon, 651 F.3d 715, 720 (7th Cir. 2011).

6. Courts in the Seventh Circuit evaluate whether reopening discovery is warranted by considering: (a) whether trial is imminent; (b) whether the request is opposed; (c) whether the non-moving party would be prejudiced; (d) whether the moving party was diligent; (e) the foreseeability of the need for additional discovery; and (f) the likelihood that discovery will lead to relevant evidence.

See Arnold v. Villar, 2021 WL 4804071, at *2 (N.D. Ill. Oct. 14, 2021).

## III. ARGUMENT

7. Failure to Stay Civil Discovery Pending Conclusion of Criminal Proceeding: Under Seventh Circuit guidance regarding parallel civil and criminal enforcement actions, civil discovery should routinely be stayed or deferred when an ongoing criminal prosecution arises from the exact same nucleus of operative facts. In this action, civil discovery proceeded simultaneously against Defendants while co-defendant David R. Foley faced

active criminal prosecution in United States v. Foley, No. 1:21-cr-00019 (N.D. Ill.). Forcing civil discovery to move forward prior to the resolution of the parallel criminal trial placed Defendant Lisa L. Foley in an unconscionable procedural dilemma and prematurely closed discovery before a complete, uninhibited factual record could be developed.

8. Uncounseled Privilege Assertion Prior to Criminal Defense Assignment: When Defendant Lisa L. Foley previously asserted her Fifth Amendment privilege against self-incrimination during civil proceedings, she did so as an unrepresented pro se litigant without the advice, guidance, or assistance of legal counsel. At the time of her assertion, co-defendant David R. Foley had not yet been assigned a Federal Defender in his parallel criminal proceeding. Operating without legal advice and facing simultaneous parallel proceedings, Defendant Lisa L. Foley was forced to make a blanket invocation out of extreme caution.

9. Conclusion of Criminal Proceedings & Privilege Waiver: Following the formal conclusion and sentencing in United States v. Foley, No. 1:21-cr-00019, the threat of criminal exposure has passed. Defendant Lisa L. Foley is now prepared to waive her Fifth Amendment privilege to provide direct, unreserved sworn testimony and complete discovery disclosures regarding her corporate officer capacity, her lack of personal share sales, and the precise flow of corporate funds.

10. Plaintiff's Failure to Serve Discovery Directly on Defendant Lisa Foley: Throughout the course of this litigation, Plaintiff SEC produced discovery disclosures, corporate production batches, and investigative records exclusively to co-defendant

David R. Foley. Plaintiff never directly served or delivered a complete master set of discovery files to Defendant Lisa L. Foley in her individual capacity as a named co-defendant.

11. Complete Loss and Destruction of Records via Eviction and Auction: In April 2025, Defendants Lisa L. Foley and David R. Foley were evicted from their home. Following the eviction, all of their personal property, financial papers, legal files, and hard-copy discovery records were seized and sold at public auction. As a direct result of this catastrophic financial loss, Defendant Lisa L. Foley possesses zero access to prior civil discovery, corporate accounting records, or case documentation.

12. Integration of Criminal Trial Record: Sworn testimony from key government prosecution experts—establishing that SEC Rule 144 does not apply to private corporate sales—was developed during the criminal trial after civil fact discovery closed. Reopening discovery is necessary to formally integrate these sworn admissions into the civil record.

13. Narrow Scope and Absence of Prejudice: Defendant Lisa L. Foley requests a modest 90-day window specifically for the SEC to provide her with a complete electronic copy of the master discovery database, and to allow her to submit supplemental officer capacity disclosures and financial hardship statements. This will establish a fair evidentiary baseline for ongoing settlement negotiations before Magistrate Judge Keri L. Holleb Hotaling without prejudicing the SEC.

## IV. CONCLUSION

WHEREFORE, Defendant Lisa L. Foley respectfully requests that this Court:

1. Grant this Motion to Modify Schedule and Reopen Limited Fact Discovery pursuant to Federal Rule of Civil Procedure 16(b)(4);

2. Order Plaintiff SEC to deliver a complete electronic copy of master discovery disclosures directly to Defendant Lisa L. Foley;

3. Reopen fact discovery for a period of sixty (60) days solely for the limited purpose of supplemental disclosures, financial tracing, and officer capacity evidence for Defendant Lisa L. Foley; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: September 14, 2026

Respectfully submitted,

***/s/Lisa L. Foley***
Lisa L. Foley

**CERTIFICATE OF SERVICE**

I do hereby certify that on September 14, 2025, I served a copy of the foregoing document on all counsel of record by the Court's ECF system, and by email delivery on:

Defendant Michael A. Chavez *pro se*
(mchavez@ridgepointcapital.com)

Plaintiff SEC
(quallsa@SEC.GOV)

*/s/Lisa L. Foley*
Lisa L. Foley