**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

RIVER NORTH EQUITY, LLC, *et al.*,

Defendants.

Case No. 1:19-cv-01711

Judge Sunil R. Harjani

**ATTORNEY RICHARD F. LINDEN'S VERIFIED MOTION FOR RELIEF FROM ASSIGNMENT TO REPRESENT DEFENDANT LISA L. FOLEY**

Richard F. Linden ("Counsel"), a member of this Court's trial bar, respectfully moves pursuant to Local Rule 83.38(a), for an order relieving him of the Court's October 14, 2026, order assigning him to represent Defendant Lisa L. Foley. [Dkt. 235]. Counsel brings this motion promptly, within two days of the assignment, in compliance with Local Rule 83.38(a). In support, Counsel states as follows:

**BACKGROUND**

1. On October 14, 2026, the Court assigned Counsel, pursuant to Local Rules 83.11(h) and 83.36, to represent Ms. Foley in this action [Dkt. 235].

2. The Securities and Exchange Commission ("SEC") filed this action in March 2019 against nine defendants [Dkt. 1]. The Complaint alleges a scheme in which defendant David R. Foley, the founder of defendants NanoTech Entertainment, Inc. ("NTEK") and NanoTech Gaming, Inc. ("NTGL"), and others sold NanoTech stock to defendant River North Equity, LLC without registration. (*Id.*) As to Ms. Foley, the SEC alleges that she, together with her husband and others, violated Sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), (c) [Dkt. 1].

3. Among other relief, the SEC seeks civil penalties against Ms. Foley under Sections 20(b) and 20(d) of the Securities Act, 15 U.S.C. §§ 77t(b), and 77t(d) of the Exchange Act, and also prays for injunctive relief. *Id*.

4. This case has been pending for over seven years. No trial date has been set to the best of Counsel's knowledge.

5. Counsel has practiced law since 1988, principally in commercial and employment litigation. Counsel has never handled a securities case, an SEC enforcement action, or any matter involving the registration requirements of the Securities Act or the exemptions from them. Counsel has no experience in any matter remotely related to this case. Counsel is a solo practitioner and has no colleague with securities experience with whom he could associate.

6. Counsel is 66 years old. In February 2025, Counsel suffered a health event that required hospitalization. In May 2026, Counsel suffered a second health event. Although Counsel has substantially recovered, his recovery is ongoing, and on the advice of his physicians he has significantly reduced his caseload.

**GROUNDS FOR RELIEF**

Local Rule 83.38(a) permits assigned counsel to move for relief from an order of assignment on enumerated grounds, "or on such other grounds as the assigning judge finds adequate for good cause shown." N.D. Ill. L.R. 83.38(a). One enumerated ground is that, "[i]n counsel's opinion, counsel is not competent" to represent the party in the particular type of action assigned. *Id.* 83.38(a)(3). Both grounds, and good cause are present in this case.

**A. Counsel Is Not Competent to Represent Ms. Foley in This Type of Action.**

This Court applies the ABA Model Rules of Professional Conduct. N.D. Ill. L.R. 83.50. Those Rules require that a lawyer provide competent representation, which "requires the legal

knowledge, skill, thoroughness and preparation reasonably necessary for the representation." The Rules recognize that a lawyer's inability to handle a matter competently is good cause to seek relief from a court appointment: "Good cause exists if the lawyer could not handle the matter competently, see Rule 1.1." *Id.*

SEC enforcement litigation is a specialized field, and this case presents distinct challenges and legal complexity for which Counsel has no expertise or experience. Competent representation of Ms. Foley would require Counsel to master this law, the facts of a multi-defendant scheme, and a docket that has accumulated over seven years. Ms. Foley and the Court are best served by an assignment to counsel with relevant experience and expertise.

**B. Counsel's Health Constitutes Good Cause for Relief.**

Independently, Counsel's health is good cause under Local Rule 83.38(a). Counsel does not seek relief because he is unable to practice; he continues to competently serve his existing clients on a reduced caseload. But this case would require a sustained, intensive commitment over what may be an extended period, and Counsel sincerely believes that taking it on now would not be in his best interests health-wise and, in turn, his ability to provide the diligent representation Ms. Foley is owed. *Id.* It is better for Ms. Foley that Counsel raise this now, at the outset, than to risk a mid-case withdrawal that would disrupt her defense and delay these proceedings.

**C. Counsel Brings This Motion in Good Faith.**

This motion is not an attempt to avoid Counsel's obligations as a member of the trial bar. *See* N.D. Ill. L.R. 83.11(h). To avoid any prejudice to Ms. Foley, Counsel asks that the Court extend any of her pending deadlines until new counsel is assigned or the Court otherwise directs.

**WHEREFORE**, Attorney Richard F. Linden respectfully requests that the Court enter an order relieving him of the October 14, 2026, order assigning him to represent Defendant Lisa L. Foley; and granting such other relief the Court deems just.

Dated: October 16, 2026

Respectfully submitted,

/s/ Richard F. Linden
Richard F. Linden
Law Offices of Richard Linden
17 North State Street, Suite 1550
Chicago, Illinois 60602
(312) 590-0211
lindenlaw@gmail.com
ARDC No. 6200387

**VERIFICATION**

Richard F. Linden, declares under penalty of perjury, under the laws of the United States of America that the factual statements in the foregoing motion are true and correct to the best of his knowledge, information, and belief. *See* 28 U.S.C. § 1746.

Executed on October 16, 2026.

/s/ Richard F. Linden
Richard F. Linden