FILED
10/20/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:19-CV-01711

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| Plaintiff, | ) | Case No. 19-cv-1711 |
| v. | ) | District Judge Hon. Andrea R. Wood |
| RIVER NORTH EQUITY, LLC, et. al., | ) | Magistrate Judge Hon. Keri L. Holleb Hotaling |
| Defendants. | ) | |

**DEFENDANT DAVID R. FOLEY'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1)**

Defendant David Foley, appearing pro se, respectfully moves this Honorable Court pursuant to 28 U.S.C. § 1915(e)(1) to recruit pro bono counsel to represent him in this civil enforcement action. In support of this Motion, Defendant states as follows:

1. **Pending Civil Action**: Defendant David Foley is currently being sued by Plaintiff Securities and Exchange Commission ("SEC") in this complex enforcement action involving federal securities laws.
2. **Indigency and Lack of Assets:** Defendant is an indigent litigant without the financial means to retain legal counsel. Defendant has no assets and will have no income as of October 31. Furthermore, Defendant's personal bank account was closed after being in overdraft status for over 90 days.
3. **Imminent Incarceration in Parallel Criminal Case**: Defendant has been

sentenced in a parallel criminal proceeding and is required to report to prison on October 31, 2026, to serve his sentence.

4. **Exhaustion of Efforts to Secure Private/Pro Bono Representation:** Pursuant to judicial directives, diligent and exhaustive efforts were made to secure pro bono legal representation independently. Reaching out to numerous law firms and attorneys yielded no success in gaining pro bono representation:

- Kirkland & Ellis LLP
- Jenner & Block LLP
- Sidley Austin LLP
- McDermott Will & Emery LLP
- Winston & Strawn LLP
- Katten Muchin Rosenman LLP
- Neal, Gerber & Eisenberg LLP
- Latham & Watkins LLP
- Morgan, Lewis & Bockius LLP
- Mayer Brown LLP
- ArentFox Schiff LLP
- Foley & Lardner LLP
- Skadden, Arps, Slate, Meagher & Flom LLP
- Holland & Knight LLP
- Quinn Emanuel Urquhart & Sullivan, LLP

- Jones Day
- Reed Smith LLP
- DLA Piper
- Duane Morris LLP
- Williams & Connolly LLP

5. **Legal Standard and Authority Under 28 U.S.C. § 1915(e)(1):**

Under 28 U.S.C. § 1915(e)(1), federal courts possess the discretionary authority to recruit pro bono counsel for indigent litigants.

In the Seventh Circuit, requests for recruitment of counsel are evaluated under the two-step framework established in Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007) (en banc):

Whether the indigent plaintiff made reasonable attempts to obtain counsel or was effectively precluded from doing so; and

Whether, given the difficulty of the case, the litigant appears competent to litigate it himself.

6. **Inability to Self-Represent While Incarcerated:**

- **Satisfaction of Step 1**: Defendant has satisfied the threshold requirement of Pruitt by documenting extensive, unsuccessful efforts to retain counsel across twenty law firms.
- **Satisfaction of Step 2**: The Seventh Circuit recognizes that incarceration severely limits a pro se litigant's capacity to gather evidence, conduct legal research,

respond to motions, and participate in depositions or court proceedings (see Pruitt, 503 F.3d at 655; McCaa v. Hamilton, 959 F.3d 842, 845 (7th Cir. 2020); Santiago v. Walls, 599 F.3d 749, 761 (7th Cir. 2010)).

- The legal and factual issues in this SEC enforcement proceeding are highly complex, involving technical securities regulations, statutory interpretation, and detailed financial discovery.
- Once incarcerated, Defendant will face severe physical restrictions, restricted telephone access, lack of internet or direct email communications, and limited access to law library facilities. Without appointed counsel, Defendant will be rendered completely unable to defend himself, severely prejudicing his legal rights and compromising the fairness of these proceedings.

WHEREFORE, Defendant David Foley respectfully requests that this Honorable Court enter an Order recruiting pro bono legal counsel under 28 U.S.C. § 1915(e)(1) to represent him in this case, and granting any further relief the Court deems just and proper.

Dated: October 19, 2026

Respectfully submitted,

/s/ David Foley

Pro Se Defendant

David Foley

16185 Los Gatos Blvd, Suite 205-17, Los Gatos, CA 95032

408.692.5560

dflegal@hyperware.com

**DECLARATION OF DAVID FOLEY IN SUPPORT OF MOTION**

I, David Foley, declare under penalty of perjury as follows:

1. I am a Defendant in the above-captioned civil action.
2. I am indigent and do not possess the income, assets, or financial resources necessary to retain an attorney.
3. My personal bank account was closed due to remaining in an overdraft status for more than 90 days, and I will have no income as of October 31, 2026.
4. I have been sentenced in a parallel criminal case and am scheduled to surrender and report to prison on October 31, 2026.
5. Due to my impending incarceration, restricted access to legal materials, lack of freedom of movement, and the complex nature of this SEC litigation, I will be unable to conduct discovery, draft pleadings, or adequately defend my rights without legal representation.
6. Exhaustive attempts were made to retain private counsel on a pro bono basis across twenty law firms, all of which resulted in declination or non-response.
7. I have not paid, nor promised to pay, any attorney for legal representation in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 19, 2026.

/s/ David Foley

Pro Se Defendant

David Foley

16185 Los Gatos Blvd, Suite 205-17, Los Gatos, CA 95032

408.692.5560

dflegal@hyperware.com