FILED
10/29/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:19-CV-01711

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-1711 |
| | ) | |
| v. | ) | District Judge Hon. Andrea R. Wood |
| | ) | |
| RIVER NORTH EQUITY, LLC, et. al., | ) | Magistrate Judge Hon. Keri L. Holleb Hotaling |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DAVID R. FOLEY'S RENEWED MOTION FOR APPOINTMENT OF PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1)**

Defendant David R. Foley, proceeding pro se, respectfully moves this Court pursuant to 28 U.S.C. § 1915(e)(1) and Local Rule 83.36 for an order appointing pro bono legal counsel. Defendant submits this Renewed Motion to directly address and cure the specific deficiencies identified in the Court's order denying his prior motion without prejudice. In support hereof, Defendant states as follows:

## I. SATISFACTION OF PRUITT V. MOTE: COMPREHENSIVE OUTREACH TO CHICAGO LEGAL AID AND SPECIALIZED FIRMS

In denying Defendant's initial motion, the Court noted that Defendant had not attempted to contact legal aid organizations and had contacted only large Chicago law firms. Defendant had directly contacted major Chicago legal aid clearinghouses and organizations by telephone. Every organization systematically denied representation or

intake assistance due to strict geographic residency jurisdiction rules:

a. **Chicago Volunteer Legal Services (CVLS)** — (312) 332-1624: Denied representation because CVLS does not offer legal support or intake services to California residents.

b. **Public Interest Law Initiative (PILI)** — (312) 832-5127: Denied representation because PILI offers pro bono placement strictly for Illinois residents.

c. **CARPLS Legal Aid Hotline** — (312) 738-9200: Denied intake because CARPLS services are restricted exclusively to residents of Cook County, Illinois.

d. **Legal Aid Chicago** — (312) 341-1070: Denied legal aid because the organization does not provide civil legal assistance to California residents.

Defendant assumed the court knew that local legal aid services were not available to out of state residents.

**Legal Aid Jurisdictional Catch-22**: Because Defendant is and has always been a resident of California and this case was brought in Illinois, local Chicago legal aid organizations refuse intake based on California residency, while California legal aid agencies refuse assistance because the underlying litigation is pending in federal court in

Illinois. Court-appointed counsel under Local Rule 83.36 is therefore the sole mechanism available to secure representation.

**Direct Law Firm Outreach**: Defendant individually contacted over 20 Chicago litigation firms with established SEC defense practice groups and public pro bono programs, explicitly requesting pro bono representation for David R. Foley, Lisa L. Foley, or both co-defendants. Despite these targeted efforts, no firm agreed to undertake the representation.

## II. INABILITY TO SELF-REPRESENT DESPITE FAMILIARITY WITH CRIMINAL PROCEEDINGS

The Court noted that Defendant's participation in parallel criminal proceedings (United States v. Foley, No. 1:21-cr-00019) suggests familiarity with the facts. While Defendant is familiar with basic factual history, criminal defense focused primarily on intent, whereas this civil action involves highly complex equitable remedies, offset accounting, joint-and-several limits under Liu v. SEC, 140 S. Ct. 1936 (2020), and Section 5 registration nuances under SEC Rule 144.

**Insurmountable Institutional Barriers of Incarceration**: Defendant faces a 72-month term of imprisonment with a surrender date of October 31, 2026. As the Seventh Circuit has repeatedly recognized, the institutional realities of federal incarceration severely limit a pro se litigant's functional capacity to conduct legal research, perform discovery, and

litigate complex civil cases. See Pruitt v. Mote, 503 F.3d 647, 655–56 (7th Cir. 2007) (en banc) (highlighting incarceration as a key factor impairing a litigant's ability to gather evidence and litigate); Henderson v. Ghosh, 755 F.3d 559, 566 (7th Cir. 2014) (holding that pro se prisoners facing complex procedural requirements are severely disadvantaged without counsel). Factual familiarity cannot overcome the physical and institutional deprivations Defendant will experience once incarcerated:

a. **No Access to Discovery Materials**: Defendant will have zero physical or electronic access to the master civil discovery database, corporate accounting records, or evidence files seized during prior evictions.

b. **No Internet Access to Research Applicable Laws**: Defendant will be completely denied internet access, rendering him incapable of conducting electronic legal research on federal securities statutes, Seventh Circuit precedent, or local court rules.

c. **No Access to a Computer to Draft Documents**: Defendant will not have access to a personal computer or word processing tools necessary to draft, format, edit, print, or submit formal court motions and briefs.

d. **No Access to SEC Motions or Legal References**: Defendant will have zero access to legal treatises, secondary references, or the SEC's voluminous prior motion filings and exhibits in this action.

Given all of the above restrictions, if Defendant is not provided counsel, the court will essentially force him to default on any motions, including but not limited to summary judgment. Defendant will have no opportunity to participate in any pre-trial motions. Defendant will have no ability to attend a trial, cross examine witnesses, or object to any statements by the SEC.

**Financial Indigence and Total Loss of Earning Capacity**: Defendant remains completely indigent, with zero liquid assets, no open bank accounts, and an uncollectible financial status following the loss of all personal property and legal files in an April 2025 eviction. Furthermore, while incarcerated under a 72-month federal sentence, Defendant will have $0.00 income and zero earning capacity, rendering his financial indigence absolute, permanent, and unalterable throughout the remainder of this litigation.

## III. CONCLUSION

WHEREFORE, Defendant David R. Foley respectfully requests that this Court:

Grant this Renewed Motion for Appointment of Pro Bono Counsel under 28 U.S.C. § 1915(e)(1) and Local Rule 83.36; Appoint an attorney from the Court's Trial Bar Panel to represent Defendant David R. Foley; and Grant such other and further relief as the Court deems just and proper.

Dated: October 28, 2026

Respectfully submitted,

/s/ David R. Foley

David R. Foley

Defendant Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2026, a copy of the foregoing Defendant David R. Foley's Renewed Motion for Appointment of Pro Bono Counsel was served electronically via CM/ECF or electronic mail upon Senior Trial Counsel Alyssa A. Qualls and counsel of record for the Securities and Exchange Commission.

/s/ David R. Foley

David R. Foley

Defendant Pro Se

1. **Pending Civil Action**: Defendant David Foley is currently being sued by Plaintiff Securities and Exchange Commission ("SEC") in this complex enforcement action involving federal securities laws.
2. **Indigency and Lack of Assets:** Defendant is an indigent litigant without the financial means to retain legal counsel. Defendant has no assets and will have no income as of October 31. Furthermore, Defendant's personal bank account was closed after being in overdraft status for over 90 days.
3. **Imminent Incarceration in Parallel Criminal Case**: Defendant has been sentenced in a parallel criminal proceeding and is required to report to prison on October 31, 2026, to serve his sentence.
4. **Exhaustion of Efforts to Secure Private/Pro Bono Representation:** Pursuant to judicial directives, diligent and exhaustive efforts were made to secure pro bono legal representation independently. Reaching out to numerous law firms and attorneys yielded no success in gaining pro bono representation:

- Kirkland & Ellis LLP
- Jenner & Block LLP
- Sidley Austin LLP
- McDermott Will & Emery LLP
- Winston & Strawn LLP

- Katten Muchin Rosenman LLP
- Neal, Gerber & Eisenberg LLP
- Latham & Watkins LLP
- Morgan, Lewis & Bockius LLP
- Mayer Brown LLP
- ArentFox Schiff LLP
- Foley & Lardner LLP
- Skadden, Arps, Slate, Meagher & Flom LLP
- Holland & Knight LLP
- Quinn Emanuel Urquhart & Sullivan, LLP
- Jones Day
- Reed Smith LLP
- DLA Piper
- Duane Morris LLP
- Williams & Connolly LLP

**5. Legal Standard and Authority Under 28 U.S.C. § 1915(e)(1):**

Under 28 U.S.C. § 1915(e)(1), federal courts possess the discretionary authority to recruit pro bono counsel for indigent litigants.

In the Seventh Circuit, requests for recruitment of counsel are evaluated under the two-step framework established in Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007) (en banc):

Whether the indigent plaintiff made reasonable attempts to obtain counsel or was effectively precluded from doing so; and

Whether, given the difficulty of the case, the litigant appears competent to litigate it himself.

6. **Inability to Self-Represent While Incarcerated:**

- **Satisfaction of Step 1**: Defendant has satisfied the threshold requirement of Pruitt by documenting extensive, unsuccessful efforts to retain counsel across twenty law firms.
- **Satisfaction of Step 2**: The Seventh Circuit recognizes that incarceration severely limits a pro se litigant's capacity to gather evidence, conduct legal research, respond to motions, and participate in depositions or court proceedings (see Pruitt, 503 F.3d at 655; McCaa v. Hamilton, 959 F.3d 842, 845 (7th Cir. 2020); Santiago v. Walls, 599 F.3d 749, 761 (7th Cir. 2010)).
- The legal and factual issues in this SEC enforcement proceeding are highly complex, involving technical securities regulations, statutory interpretation, and detailed financial discovery.
- Once incarcerated, Defendant will face severe physical restrictions, restricted telephone access, lack of internet or direct email communications, and limited access to law library facilities. Without appointed counsel, Defendant will be rendered completely unable to defend himself, severely prejudicing his legal rights and compromising the fairness of these proceedings.

WHEREFORE, Defendant David Foley respectfully requests that this Honorable Court enter an Order recruiting pro bono legal counsel under 28 U.S.C. § 1915(e)(1) to represent him in this case, and granting any further relief the Court deems just and proper.

Dated: October 19, 2026

Respectfully submitted,

/s/ David Foley

Pro Se Defendant

David Foley

16185 Los Gatos Blvd, Suite 205-17, Los Gatos, CA 95032

408.692.5560

dflegal@hyperware.com

**DECLARATION OF DAVID FOLEY IN SUPPORT OF MOTION**

I, David Foley, declare under penalty of perjury as follows:

1. I am a Defendant in the above-captioned civil action.
2. I am indigent and do not possess the income, assets, or financial resources necessary to retain an attorney.
3. My personal bank account was closed due to remaining in an overdraft status for more than 90 days, and I will have no income as of October 31, 2026.
4. I have been sentenced in a parallel criminal case and am scheduled to surrender and report to prison on October 31, 2026.
5. Due to my impending incarceration, restricted access to legal materials, lack of freedom of movement, and the complex nature of this SEC litigation, I will be unable to conduct discovery, draft pleadings, or adequately defend my rights without legal representation.
6. Exhaustive attempts were made to retain private counsel on a pro bono basis across twenty law firms, all of which resulted in declination or non-response.
7. I have not paid, nor promised to pay, any attorney for legal representation in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 19, 2026.

/s/ David Foley

Pro Se Defendant

David Foley

16185 Los Gatos Blvd, Suite 205-17, Los Gatos, CA 95032

408.692.5560

dflegal@hyperware.com