**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>RIVER NORTH EQUITY LLC, et al.,<br><br>Defendants. | Case No. 19 CV 1711<br><br>Honorable Sunil R. Harjani |

**ORDER**

Defendant David Foley filed a renewed motion for appointment of pro bono counsel, [250], just a few days after the Court denied his previous motion. [246]. Despite his additional explanations, the Court finds that Mr. Foley does not warrant appointment of counsel. For the reasons explained below, the motion for appointment of pro bono counsel, [250], is denied without prejudice.

**Discussion**

Title 28 U.S.C. § 1915(e)(1) allows the Court to request an attorney to represent any person unable to afford counsel. When determining whether to appoint counsel, the Court asks "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Dorsey v. Varga*, 55 F.4th 1094, 1105 (7th Cir. 2022) (*quoting Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)).

Regarding the first question, the Court previously observed that Mr. Foley had not attempted to contact any legal services organizations, and that the list of pro bono counsel he contacted seemed identical to the one provided by Defendant Lisa Foley. [246]. In his renewed motion, Mr. Foley explains that Chicago-based legal aid organizations will not represent him because he resides in California, and that California-based legal aid organizations will not represent him because the case is pending in Illinois. Thus, Mr. Foley claims that he is effectively precluded from obtaining counsel from such institutions. Though Mr. Foley's renewed motion does not demonstrate that he reached out to any additional law firms, he avers that he previously contacted 20 firms for representation, and his requests were denied. The Court finds that Mr. Foley has made a reasonable attempt to obtain counsel. *See Scott v. Richter*, 754 F. App'x 458, 461 (7th Cir. 2019) ("No one has disputed that [plaintiff]

met the first requirement by showing that he contacted five attorneys who would not take the case.").

On the second question of whether the party appears competent to litigate himself, the Court must consider Mr. Foley's competency given the factual and legal complexity of the matter. *Pruitt*, 503 F.3d at 655. In analyzing a litigant's competency, the Court considers his literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022).

The Court finds that Mr. Foley appears capable of representing himself. Mr. Foley has submitted multiple literate and coherent motions, including the present one. *E.g.*, [146], [165]. From these filings, Mr. Foley is "articulate and can effectively advocate for himself." *Jones v. Anderson*, 116 F.4th 669, 676 (7th Cir. 2024) (upholding the magistrate judge's denial of a motion to appoint counsel based, in part, on plaintiff's filings). Further, Mr. Foley was a criminal defendant in the parallel criminal proceedings involving the same fraud scheme as this case. *See United States v. Foley*, 1:21-cr-00019 (N.D. Ill. Nov. 4, 2024), ECF No. 230. That matter was fully litigated through trial and a jury verdict against him on two counts. Thus, he has a strong familiarity with the facts of this civil matter through his personal experience and the criminal proceedings. *See McCoy v. City of Fort Wayne*, 2011 WL 4861869, at *1 (N.D. Ind. Oct. 13, 2011).

Mr. Foley argues that, because he must report to federal prison, he will lack access to discovery materials, legal research, and a computer in general. The Seventh Circuit has recognized that incarceration creates an additional hurdle for prisoners. But that occurs when a litigant is transferred between prison facilities and thus lacks access to the witnesses, documents, or defendants needed to put on a credible case. *James v. Eli*, 889 F.3d 320, 327–30 (7th Cir. 2018) (finding that the district court should have appointed counsel for a summary judgment motion involving complex medical evidence when the prisoner was transferred over 1,000 miles from the location of his underlying claims); *Santiago v. Walls*, 599 F.3d 749, 762–63 (7th Cir. 2010) (plaintiff was transferred to another prison and thus faced additional difficulties in conducting pretrial discovery). Discovery is closed in this matter, [247], so Mr. Foley will not suffer from similar challenges confronting those plaintiffs. Rather, the concerns Mr. Foley raises about prison's institutional barriers are shared by all prisoners. *See Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013) (all prisoners bringing excessive force cases face the challenge of obtaining attorneys'-eyes-only prison policies). Mr. Foley's motion raises no challenges that are unique to litigating his case. Thus, Mr. Foley's impending custody alone is insufficient to warrant appointing counsel. *Mosely v. Ind. Dep't of Corr.*, 2024 WL 1651902, at *2 (7th Cir. Apr. 17, 2024). At this stage of the proceeding, Mr. Foley needs to only respond to the SEC's summary judgment motion, which will involve submitting one written response brief. The SEC has represented that much of its brief will be the application of collateral estoppel from Mr. Foley's criminal trial conviction, and Mr.

Foley has personal familiarity with the matter as a defendant in that criminal trial. The Court finds that at this stage of the proceedings, Mr. Foley is capable of representing himself.

For the reasons stated above, Mr. Foley's renewed motion for appointment of pro bono counsel, [250], is denied without prejudice.

**SO ORDERED.**

Dated: November 24, 2026

Sunil R. Harjani
United States District Judge